LIPPMAN TANNENBAUM, Respondent, *v.* GYULO ARMENY, Appellant.

*Opinion and findings not coinciding, no reason for reversal — remedy for a misapprehension at the trial as to the issues — pleadings amended to support the judgment — election, dependent upon a knowledge of the facts — transfer of co-partnership property by one partner — remedy of the other.*

The fact, that the opinion filed by a justice before whom an action was tried and the findings signed by him do not coincide, in no way forms a ground for the reversal of the judgment, inasmuch as the opinion cannot be referred to for the purpose of showing the incorrectness of the findings upon which the judgment is based.

If there has been any misapprehension during the progress of a trial in respect to the issues which are presented, which has been of detriment to either of the parties, the remedy is not by appeal from the judgment entered upon the decision rendered at the trial, but by motion for a new trial upon the ground that the moving party has been misled in his consideration of the issues presented in the pleadings, by the course which was taken by both parties at the trial.

Where there is a discrepancy between the allegations of a complaint and the findings and judgment of the court the pleadings will be amended in order to support the judgment.

In order that a party shall be bound by an election he must be made acquainted with all the facts pertaining thereto.

Although co-partnership property be transferred to a third person by one of two partners, the other partner need not rely upon his action for damages; he has a right to compel a surrender of his share of the proceeds which have been received by his co-partner upon the sale of the partnership property.

APPEAL by the defendant, Gyulo Armeny, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of February, 1894, upon the decision of the court rendered after a trial at the New York Special Term, and also from an order made at the New York Special Term and entered in said clerk's office on the 8th day of February, 1894, denying the defendant's motion to amend his answer.

*Otto Horwitz*, for the appellant.

*F. Bien*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to obtain an accounting between the plaintiff and the defendant as to certain alleged co-partnership transactions. As to some of these it was admitted that the parties were co-partners. But upon the trial, as to the others, evidence was offered pro and con upon the question of co-partnership, and the case was submitted, it being conceded that if a co-partnership was found by the court an accounting would be necessary. When the learned court came to decide the case he filed a memorandum to the effect that under the pleading it was admitted that a co-partnership had been formed as to the subjects in controversy, the time of the duration of which was not specified, and that there was no evidence that the co-partnership ever was dissolved, and that neither of the parties could dissolve the co-partnership without the consent of the other, and in fact that there was no evidence that the co-partnership ever had been dissolved ; the memorandum further stated that he had found, as a matter of fact, that the mine in question was partnership property, and that there should be the accounting usual in actions of

this kind. The attention of the justice having been subsequently called to the fact that there was evidence tending to show that the duration of the partnership was to be for a given time, in making his findings he found that fact. Subsequent to the filing of the memorandum above mentioned, and before the entry of judgment, an order seems to have been entered reciting the making of a motion upon the part of the defendant to amend his answer by denial of the paragraphs of the complaint referred to in the memorandum above mentioned, which order denied said motion. And from the judgment entered upon said decision and from said order these appeals are taken.

The fact that the opinion filed and the findings signed do not coincide, in no way forms a ground for the reversal of the judgment, because the opinion cannot be referred to for the purpose of showing the incorrectness of the findings upon which the judgment is based. If there has been any misapprehension during the progress of the trial in respect to the issues which are presented, which has been of detriment to either of the parties, the remedy is not by appeal from the judgment entered upon the decision rendered at the trial, but by motion for a new trial upon the ground that the moving party has been misled in his consideration of the issues presented in the pleadings by the course which was taken by both parties at the trial.

In the case at bar the court has found, as a matter of fact, the existence of the co-partnership. It does not appear upon the face of the finding that it was because of any admission contained in the pleadings that it arrived at such conclusion, and there was besides evidence in the case sufficient to sustain the finding, and this court cannot interfere with it upon that ground.

It is urged that even if this be true the agreement was within the Statute of Frauds and, therefore, void. But there was evidence introduced which tended to show that there had been a partial performance of the agreement of co-partnership, and thus the agreement was taken out of the Statute of Frauds.

It is claimed that the amount alleged to have been paid by the plaintiff on account of the new enterprise was so insignificant that it could not operate in that direction. But the question of significance or insignificance depends upon the magnitude of the main

subject, and in respect to that we have little or no information in this record. We think, therefore, under the findings which have been made, and which are justified by the evidence, that this judgment cannot be reversed.

It is further urged that this action will not lie in respect to the disputed property, as the court will not decree specific performance to perform and carry on a co-partnership. But the relief which is granted to the plaintiff in this action is not for the specific performance of a co-partnership agreement, but for a winding up of the same and a division of the property upon the settlement of the accounts between the partners — an action which has become quite familiar to the legal profession and to the courts.

There seems to be no reason why, if the plaintiff could establish his rights as a co-partner, he should not have the relief which has been granted to him in this case.

It is urged that there is a material variance between the agreement alleged in the complaint and the proof adduced by the plaintiff, the plaintiff alleging no time for the co-partnership, and the court having found that it was to exist for one year, and that there were some discrepancies in the proof and allegations in regard to localities. These objections are of no avail upon this appeal, because if there is any discrepancy between the allegations of the complaint and the findings and judgment of the court, the pleadings will be amended in order to support the judgment.

It is also urged that a certain exhibit introduced in evidence should not have been admitted for the purpose of aiding the claim of the plaintiff as to the existence of a co-partnership. The circumstances under which this exhibit was signed by the defendant were given. They certainly tended to support the claim of the plaintiff that a co-partnership existed, and although the exhibit was not definite as to the terms of the co-partnership, yet it was competent evidence as an admission that there had been an agreement of co-partnership between the plaintiff and the defendant, no matter what the terms of such co-partnership might be. The attack, which is made upon the verity of the document, is one which the trial court considered, and he rightfully placed great weight upon it in determining the issue upon which it bore.

The claim upon the part of the defendant that, assuming that

the plaintiff had established a partnership, the refusal of the plaintiff to have anything to do with the mines, after inspection of the samples submitted by defendant, constituted a dissolution of the partnership, if one existed, and left the defendant free to embark with others in the mining schemes, is not well taken, for the reason that there was not a disclosure upon the part of the defendant of the true condition of affairs, it being claimed upon the part of the plaintiff that the fact that the defendant had bought this mine was not disclosed by him; and, therefore, there was no occasion for the plaintiff to make any determination in regard to the matter. He only expressed his opinion in regard to the samples which were shown. In order that a party can be bound by an election, he must be made acquainted with all the facts pertaining thereto.

Some point is made in regard to contradictory findings, and it is urged that a defeated party is entitled to have those taken which are most favorable to him and may rely upon them in aid of his exceptions. But the variances which it is claimed occur in the finding in no way assist the position of the defendant in regard to the matters in dispute and some of the contradictions claimed are neither apparent nor real.

The claim made that the co-partnership property having been transferred to another party by the defendant, the plaintiff must rely upon his action for damages, is not well taken. He has a right to compel a surrender of his share of the proceeds which have been received by the defendant upon the sale of the co-partnership property.

There are no other exceptions which it seems necessary to note, and the judgment appealed from should be affirmed.

In respect to the order denying the motion to amend the pleadings, it is to be observed that it does not appear to have been made upon any papers. There is not even a notice of motion, so far as we have been able to discover in the record — simply a bald order denying an amendment of the answer. No ground is presented for the granting of such a motion, and we can only imagine what the theory of the learned counsel was from what occurred upon the argument of the appeal from the judgment. As already intimated, if the defendant was entitled to any relief it should have been

sought in a different manner, and the order should, therefore, be affirmed.

The judgment appealed from must be affirmed, with costs, and the order affirmed, with ten dollars costs.

Follett and Parker, JJ., concurred.

Judgment affirmed, with costs, and order affirmed, with ten dollars costs.